John MONROE, et al.,
Plaintiffs–Appellants,

v.

CITY OF WOODVILLE, MISSISSIPPI,
et al., Defendants–Appellees.

No. 88–4433.

United States Court of Appeals,
Fifth Circuit.

March 22, 1990.

Rehearing and Suggestion for Rehearing
En Banc Denied March 22, 1990.

Willie L. Rose, Southwest MS Legal Service, McComb, Miss., Carroll Rhodes, Hazlehurst, Miss., Deborah A. McDonald, Natchez, Miss., for plaintiffs-appellants.

Robert B. McDuff and Frank B. Parker, Lawyers Com'n for Civil Rights Under Law, Washington, D.C., for amicus curiae.

Dennis L. Horn, Jackson, Miss., Richard T. Watson, Woodville, Miss., for defendants-appellees.

ON PETITION FOR REHEARING

Before GEE, GARZA and JONES, Circuit Judges.

PER CURIAM:

Having considered appellants' motion for rehearing and decided that it is in part well-taken, the court herewith revises part A and the first sentence of part B of the opinion as follows: [1]

A.   Political Cohesion

■ [3] Based on the evidence before it, the district court concluded that the appellants did not prove political cohesion among the black voters in Woodville.

---

1. The remainder of the opinion is unchanged.

That the appellants had the burden of proof on this issue is not disputed. *See Overton*, 871 F.2d 529, 543 (Jones, J., concurring). Appellants assert that this finding embodies an error of law as well as fact. They note that the district court accepted the parties' stipulation that both whites and blacks in Woodville generally vote along racial lines. According to appellants, *Thornburg v. Gingles, Campos v. City of Baytown*, 840 F.2d 1240 (5th Cir.1988), and *Citizens for a Better Gretna v. City of Gretna*, 834 F.2d 496 (5th Cir.1987), hold that if the district court finds that a minority group votes as a bloc for minority candidates, political cohesion within the minority group is proven even if the district court finds significant and consistent crossover voting by the black electorate. We disagree.

*Thornburg* does recognize that establishing "that a significant number of minority group members usually vote for the same candidates is one way of proving political cohesiveness...." 106 S.Ct. 2769–70 (emphasis added). Statistical proof of political cohesion is likely to be the most persuasive form of evidence, although other evidence may also establish this phenomenon. *Brewer*, 876 F.2d 448, 453 (lay testimony from members of the community on political cohesion might be sufficient). Nevertheless, courts must carefully examine statistical evidence of racial bloc voting to determine its relevance and probativeness to a finding of political cohesiveness. *Accord Overton v. City of Austin*, 871 F.2d 529.

Political cohesion is required under *Thornburg* for a fundamental reason. As the Court said, "if the minority group is not politically cohesive, it cannot be said that the selection of a multimember electoral structure thwarts distinctive minority interests." *Thornburg* 106 S.Ct. at 2767.

We turn, then, to the district court's finding that Woodville's blacks are not politically cohesive. The ambit of appellate review of this fact is limited. A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.... This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts. *Anderson*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511.

[4] In this case both parties can point to evidence in the record to support their positions. The 1983 elections show a strong degree of racial bloc voting by black residents, which could indicate political cohesion. On the other hand, the more recent results from the 1987 county elections indicate a significant degree of crossover voting for white candidates by black citizens.[10] Crossover voting by a minority group does not preclude a finding of political cohesiveness per se, but its presence is relevant. The 1987 data, therefore, weigh against finding political cohesiveness. Dr. Love opined that Woodville's black residents were politically cohesive; Dr. Van Gelder, appellees' expert, disagreed. Testimony from black residents of Woodville also differed on this point.[11] Therefore, from the record before us, we cannot say that the district court clearly erred in its finding.

**B. Legally Significant White Bloc Voting**

The district court found that both white and black residents in Woodville engage in some amount of racial bloc voting.

10. Mississippi's anti-single-shot provision did not apply to county elections.

11. Two black witnesses testified that, in their view, the black residents of Woodville are not politically cohesive. By contrast, a number of blacks have held public office in Wilkinson County in recent years.

In all other respects, the petition for rehearing is DENIED, and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion for Rehearing En Banc is DENIED.